MARY E. PHILLIPS, PLAINTIFF, v. HATTIE ADAMS, DEFENDANT.

Argued October 6, 1926—Decided February 14, 1927.

Negligence—Injury to Tenant Through an Alleged Faulty Side-walk—Defendant Allowed Judgment by Default—Afterward Conveyed Property to Daughter—Suit to Set Aside Conveyance Begun, and Decree For Complainant Entered—Motion to Open Judgment—Though Delinquent, it Appears That Defendant is Not Mentally Entirely Responsible and There is Some Evidence of a Good Defense.

On defendant's rule to show cause why judgment by default should not be opened.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Samuel Morris*.

*Contra, Carlton Godfrey* and *William I. Garrison*.

PER CURIAM.

This case is before us on a rule to show cause allowed the defendant why a judgment entered against the defendant by default should not be opened and the defendant be permitted to file an answer. The action was instituted to recover damages for personal injuries. Judgment was entered by default. An assessment of damages was made by a sheriff's jury. The plaintiff was awarded $10,000. The defendant, a woman fifty years of age, owned a property designated as No. 609 Arctic avenue, Atlantic City. Upon the rear of the premises there was a building containing an apartment. The defendant rented this apartment to the plaintiff. The approach was by way of a walk which the plaintiff was using when, as she claims, she fell and received the injuries for which she brought suit. The fall was on February 2d, 1926. On March 27th, 1926, the suit was begun. A summons and complaint was served personally on the defendant. No de-

fense was interposed.  On April 22d, 1926, an interlocutory judgment was entered.  On June 7th, 1926, a copy of a writ of inquiry and notice that the same would be executed on June 25th, 1926, was served personally on the defendant. The assessment of damages was duly made.  On July 12th, 1926, an order for entry of judgment final was signed.  The defendant had in the meantime conveyed the property to a daughter.  After entry of judgment a bill was filed by the plaintiff in the Court of Chancery to set aside the conveyance. A subpœna *ad respondendum* was served personally on the defendant.  No answer was filed by the defendant in the Chancery proceeding.  On August 20th, 1926, a decree was entered setting the conveyance aside.  The defendant knew that a judgment for $10,000 had been entered against her. She wrote to the sheriff about it and enclosed a check for one dollar to be applied on the judgment.  The present rule was allowed on August 27th, 1926.

Notwithstanding the legality of the plaintiff's procedure, the apparent gross inattention on the part of the defendant, and even fraud in the transfer of her property, we have reached the conclusion that this judgment should be opened on terms and the defendant permitted to interpose a defense. This view is due to the medical testimony taken under the rule from which it appears that the defendant is undergoing a change of life, and at times is in a mental condition which makes it impossible for the defendant to attend to her affairs as a normal person would.  Her ailment is what is called an anxiety neurosis, that is, an anxiety for something.  The plaintiff's mother was deranged during the latter part of her life.  While not insane, the plaintiff is to some extent unbalanced mentally as evidenced by the payment of one dollar to the sheriff on account of a $10,000 judgment.

From the testimony taken under the rule it would also appear that there is some question as to the liability of the defendant.  The walk upon which the plaintiff claims she fell is alleged to have been a boardwalk, dilapidated and rotten.  There is testimony that the plaintiff fell upon a cement walk which was in good condition.  The plaintiff

was also subject to spells of dizziness. The judgment as to amount is also large for the injuries received by the plaintiff.

We feel for these reasons that the defendant's property should not be taken to satisfy the judgment obtained without her having a day in court. The defendant will be permitted to file an answer within ten days from the filing of this opinion upon complying with the following conditions: first, that she consent to the case being placed on the calendar for trial at the May term, 1927, of the Atlantic county courts; second, that she pay to the plaintiff or her attorney of record the taxed costs of the proceedings under the present rule within twenty days from the service upon her of the bill for the taxed costs under this rule which shall include the cost of the plaintiff's deposition and the printing of the plaintiff's brief submitted under this rule, and third, that the judgment and any levy under any execution issued thereon shall remain as security to the plaintiff pending the final determination of the case.